## Dinan, Appellant, *v.* Supreme Council of the Catholic Mutual Benefit Association.

*Trial—Practice, C. P.—Evidence—Credibility of witnesses—Inferences of fact—Province of court and jury—Beneficial associations.*

If the evidence is direct, certain, presenting no question of credibility, and leaving no ground for inconsistent inferences of fact, the court may be asked to instruct the jury as to its legal effect. But if it is uncertain, if it depends upon the credibility of witnesses and if there is room for drawing from it different inferences of fact, it must go to the jury. They must clear up the doubts, settle questions of credibility, draw the correct inferences and give final shape to the findings of fact.

It may well be in a case that the weight of the evidence may be sufficient to justify a trial judge in setting aside successive verdicts, yet it does not follow that he is warranted in taking from the jury in the first instance the determination of a question of fact depending upon the credibility of witnesses.

In an action against a beneficial association to recover a death benefit, where the defense is that the member was over fifty years of age when he was initiated, which was beyond the age limit permitted by the constitution of the association, and the evidence on the subject is conflicting and largely turns upon the credibility of the witnesses, the case must be submitted to the jury for determination.

Argued Nov. 1, 1904. Appeal, No. 194, Oct. T., 1904, by plaintiffs, from judgment of C. P. No. 1, Allegheny Co., March Term, 1900, No. 213, on verdict for defendant in case of Andrew A. Dinan and Mary G. Dinan, his wife, v. Supreme Council of the Catholic Mutual Benefit Association. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Assumpsit to recover a death benefit. Before COLLIER, P. J. The facts are stated in the opinion of the Supreme Court. Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*G. W. Williams,* with him *A. J. Edwards,* for appellants.— The case was for the jury : Holland v. Kindregan, 155 Pa. 156 ; Piedmon, etc., Life Ins. Co. v. Ewing, 92 U. S. 378 ; Dinan v. Mut. Ben. Assoc., 201 Pa. 363 ; Corcoran v. Life Ins. Co., 183 Pa. 443.

*A. B. Reid,* with him *A. V. D. Watterson,* for appellee.—If the evidence is direct, certain, presenting no question of credibility and having no sufficient ground for inconsistent inferences of fact the court may be asked to instruct the jury as to its legal effect : Lonzer v. Lehigh V. R. R. Co., 196 Pa. 610 ; Wells v. Insurance Co., 191 Pa. 207 ; Holland v. Kindregan, 155 Pa. 156 ; Hoag & Alger v. Lake Shore, etc., R. R. Co., 85 Pa. 293 ; Raby v. Cell, 85 Pa. 80.

OPINION BY MR. JUSTICE THOMPSON, December 31, 1904 :

This action is based upon a beneficiary certificate issued to the father of Mary G. Dinan, one of the appellants, and in her favor, by the appellee, a mutual beneficial association. The re-

quirements under its constitution were that no one above the age of fifty years should be entitled to a certificate of membership. Appellee's contention was that the appellants were not entitled to recover because at the time of the application and initiation the applicant, since deceased, was over fifty years of age and therefore was not entitled to initiation and membership, while that of appellants was that he was at the time within the limitation of the age required. The question was distinctively one of fact and as the learned trial judge gave binding instructions for the appellee, such instruction is assigned for error for the reason that the facts were so disputed that the appellants were entitled to have a jury pass upon them. Whatever the weight of the evidence may be and whatever the action of the trial judge might be upon a motion for a new trial, if there be a substantial controversy as to the facts and if its determination depends upon the credibility of witnesses, the question of appellee's liability became one for the jury and appellants were entitled to have it submitted to the jury for its determination.

The application of appellant's father for membership was acted upon by appellee July 2, 1891, and his initiation in pursuance thereof took place in the following August. Prima facie the beneficiary certificate established that the age of the applicant at the time of the application was forty-eight years and further proof was not upon appellants to show affirmatively that such was the fact.

Such the case appellee, the defendant below, undertook to show that at the date of his application and initiation, the decedent was upwards of fifty years of age and, therefore, under the requirements of the association not entitled to membership and the certificate therefor. In support of this contention the appellee called the priest of St. Paul's cathedral, who produced the record of that church showing the marriage of one Charles Coll and Ann Quinn, on date of September 23, 1855, and that the marriage was performed by the Rev. Thomas Malone. James White, a witness called on behalf of the appellee to identify the parties represented in the church register as then married, was asked whether he knew Charles Coll and whether this Charles Coll thus married was the father of the appellant and he stated that he thought so to the best of his

knowledge and added : " I was present at the marriage but I do not know that there was a wedding." When asked whether the marriage ceremony took place at the cathedral he answered that it was performed there and that he (Coll) went to Father Garland's church. Upon cross-examination he was asked whether upon a former trial he had not testified that he did not know that this Coll was appellant's father and whether he did not know appellant and whether he replied " I don't know that. I don't know Mrs. Dinan (the appellant)." He was also asked whether or not the marriage took place at the cathedral and whether or not at a former trial he had testified that the Charles referred to was not married in St. Patrick's church by Father Garland, or rather that he was married at Father Garland's house and whether his reply was that that was his understanding ; and on the second trial he testified that he was not any more positive as to where the marriage took place than what he heard as a witness on the trial, and when squarely confronted on that trial with the question as to the fact of the marriage in the cathedral his reply was : " I would not swear to that ; I can't mind." The marriage register refers to Charles Coll and the certificate in this case is in the name of Charles B. Coll. It is manifest that the cross-examination fairly raised a question as to the credibility of the witness and if so it became one for the jury.

A brother of appellant's father, a witness produced on behalf of the appellee, testified that he was born in 1841 and that his brother Charles was older. Upon cross-examination he was asked : " Q. So at the second trial preceding this you were uncertain as to whether Hugh was older than Charles or not? At the trial immediately preceding you were absolutely certain, but at the second trial preceding this you were uncertain as you now are, whether Hugh was older or younger than Charles ? At the trial immediately preceding, you were positive that Hugh was younger than Charles ? " And his answer was : " Well it was my impression at the time that he was. That was a long time ago." With the inconsistencies of his answer and with the uncertainty as to exactness of his memory, his credibility also became a question for the determination of the jury. The appellee undertook to establish affirmatively that the apellant's father was over fifty years of age when he made his ap-

plication and was initiated and the proof of this fact depended substantially upon the credibility of the witnesses. As such was the case the question of fact became one peculiarly within the province of the jury and the learned trial judge erred in giving binding instructions.

In the case of Holland v. Kindregan, 155 Pa. 156, it was said in a per curiam : " It does not follow that because the evidence on one side may be overwhelming in the opinion of the trial judge, that the case can be withdrawn from the jury. If there is a conflict of evidence it must go to the jury, unless the evidence on one side amount but to a scintilla."

In the case of Corcoran v. Mutual Life Insurance Company, 183 Pa. 443, Mr. Justice WILLIAMS says : " The rule that separates the province of the court from that of the jury is pretty well defined. If the evidence is direct, certain, presenting no question of credibility, and leaving no sufficient ground for inconsistent inferences of fact, the court may be asked to instruct the jury as to its legal effect. But if it is uncertain, if it depends on the credibility of witnesses and if there is room for drawing from it different inferences of fact, it must go to the jury. They must clear up the doubts, settle questions of credibility, draw the correct inferences and give final shape to the findings of fact."

In the case of Howard Express Company v. Wile, 64 Pa. 201, Mr. Justice SHARSWOOD says : "If a verdict is contrary to the charge of the court on a question of law it must be set aside whether it be second or the second hundredth. Where evidence on both sides is to be weighed, so as to determine on which side the scales incline, the jury is the appropriate tribunal : " Grabs v. Lynch, 20 W. N. C. 376 ; Harlow & Co. v. Homestead Bor. 194 Pa. 57.

It may well be in a case that the weight of the evidence may be sufficient to justify a trial judge in setting aside successive verdicts yet it does not follow that he is warranted in taking from the jury in the first instance the determination of a question of fact depending upon the credibility of witnesses.

The first and second assignments of error are sustained, the judgment is reversed and a venire de novo is awarded.