## Newman v. Bullskin Township, Appellant.

*Negligence—Townships—Defective road—Province of court and jury.*

In an action against a township to recover damages for personal injuries
where the plaintiff testifies to the defective condition of the road at the
place of the accident, and it does not appear from her own evidence that
the accident was physically impossible, the court cannot take the case from
the jury because witnesses for the defendant testify as to the condition
which made the accident physically impossible in the manner described
by plaintiff.   In such a case the credibility of the witnesses is for the jury.

Argued April 17, 1905.    Appeal, No. 241, April T., 1905,
by defendant, from judgment of C. P. Fayette Co., Dec. T.,
1903, No. 364, on verdict for plaintiff in case of August New-
man and Minnie Newman v. Bullskin Township.    Before
RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON
and HENDERSON, JJ.    Affirmed.

Trespass to recover damages for personal injuries.    Before
UMBEL, J.

The opinion of the Superior Court states the case.

Verdict and judgment for August Newman for $115, and for Minnie Newman for $500.    Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*E. C. Higbee,* with him *B. F. Sterling, H. S. Dumbauld* and *W. H. Brown,* for appellant, cited : Holden v. Penna. R. R. Co., 169 Pa. 1; Worrilow v. Upper Chichester Twp., 149 Pa. 40.

*D. M. Hertzog,* for appellees, cited : Curry v. Luzerne Borough, 24 Pa. Superior Ct. 514; Penna. R. R. Co. v. Weiss, 87 Pa. 447 ; Devlin v. Beacon Light Co., 198 Pa. 583.

OPINION BY BEAVER, J., May 17, 1905 :

The single assignment of error relates to the refusal of the court to give binding instructions for the defendant.    All other of defendant's points for charge were affirmed, and there is no complaint as to the general charge.

This was clearly not a case for binding instructions.    If plaintiffs' testimony was true, the road was in bad condition at the place where, and at and immediately preceding the time when, the accident occurred, of which the supervisors of the township, or at least one of them, had been notified.    The account given by the plaintiff, Mrs. Newman, who was the only person present, did not show that the accident was physically impossible.    She was fully corroborated by several witnesses, who were first upon the ground after the accident, as to the physical surroundings which existed at the place where it occurred and which, taken in connection with her testimony, would reasonably account for it.    These witnesses, it is true, were contradicted in several important particulars by a number of witnesses called on behalf of the defendant, whose testimony tended to show that the accident could not have happened as detailed in the testimony of Mrs. Newman ; but the physical impossibility of the accident, according to her version of it, can only be predicated upon the assumption that defendant's testimony as to the surroundings was true and that of the plaintiff false.    Such an assumption, under the conditions here existing, no court has a right to make.

Holden v. Penna. Railroad Co., 169 Pa. 1, is cited as authority for the appellant's position here, but it is not in any sense applicable. The vital point in that case was the physical impossibility of the accident according to the plaintiff's testimony. He testified that the carriage in which he was being driven, stopped at the edge of the railroad and that he looked at a point where admittedly an approaching train could be seen, and yet the moment the carriage entered upon the railroad, immediately thereafter, it was struck and the plaintiff received the injury for which he sought to recover. What is said in regard to the overwhelming contradiction of the plaintiff by all the other witnesses in the case is said in reference to and in connection with the crucial point involved. Speaking of the plaintiff's testimony, Mr. Justice GREEN, who wrote the opinion, says: " As the review of the evidence shows, he stood entirely alone. Not a solitary witness corroborated him in the least degree in this vital feature of his case, and of this fact he being the plaintiff was necessarily aware. We think the learned court below in these circumstances should have carefully explained to the jury the difference between interested and disinterested testimony and should have specially cautioned them as to their duty in weighing and deciding upon a conflict of testimony in such a case." Here is a distinct recognition of the ancient and firmly established rule of the right and duty of a jury to determine the credibility of witnesses.

As we read Holden v. Penna. Railroad Co., 169 Pa. 1, it does not and was not intended, in any way, to overturn or vary this rule. That this is the understanding of our Supreme Court is plainly apparent from its subsequent rulings, the latest of which is found in Dinan v. Supreme Council, etc., 210 Pa. 456, in which it is said: " Whatever the weight of the evidence may be, and whatever the action of the trial judge might be on a motion for a new trial, if there be a substantial controversy as to the facts and if its determination depends upon the credibility of witnesses, the question of appellee's liability becomes one for the jury and appellants were entitled to have it submitted to the jury for its determination." And again, in the concluding paragraph of the opinion : " It may well be in a case that the weight of the evidence may be sufficient to justify a trial judge in setting aside successive verdicts, yet it does not follow that he

is warranted in taking from the jury in the first instance the determination of a question of fact depending upon the credibility of witnesses."

The court below committed no error in refusing to give binding instructions for the defendant.

Judgment affirmed.