# Barley, Appellant, *v.* Beegle.

*Replevin—Wrongful taking of property.*

In an action against a plaintiff in replevin, a recovery may be had where it is shown that the plaintiff in the replevin received from the sheriff goods seized under the writ, and with full knowledge that the goods were not the goods of the defendant in the replevin, but that they were the goods of the claimant, sold them and converted the proceeds to his own use.

*Evidence—Conflicting evidence—Province of court and jury.*

In an action of assumpsit if the evidence is direct, certain, presenting no question of credibility and leaving no sufficient ground for inconsistent inference of fact, the court may be asked to instruct the jury as to its legal effect. But if it is uncertain, if it depends on the credibility of witnesses, and if there is room for drawing from it different inferences of fact, it must go to the jury. They must clear up doubts, settle questions of credibility, draw correct inferences and give full shape to findings of fact. This rule is applicable in an action for the keep of horses.

Argued Oct. 25, 1905. Appeal, No. 125, Oct. T., 1905, by plaintiff, from judgment of C. P. Bedford Co., Jan. T., 1903, No. 85, on verdict for plaintiff in case of Susan Barley, Jr., v. John H. Beegle. Before RICE P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for the keep of horses and to recover the value of certain articles of personal property taken by defendant. Before WOODS, P. J.

The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*John H. Jordan*, with him *R. C. Haderman*, for appellant.—The case was for the jury: Eardley v. Keeling, 10 Pa. Superior Ct. 339; Dinan v. Supreme Council, 210 Pa. 456; Harlow v. Homestead Borough, 194 Pa. 57; Molloy v. U. S. Express. Co., 22 Pa. Superior Ct. 173; Barnett v. Becker, 25 Pa. Superior Ct. 22.

*E. M. Pennell,* with him *R. C. McNamara,* for appellee, cited : Hill v. Epley, 31 Pa. 331.

OPINION BY HENDERSON, J., December 11, 1905 :

The plaintiff declared for the value of certain articles of personal property taken by the defendant, and for compensation for keeping and caring for the defendant's horses. The court gave binding instructions for the defendant. The plaintiff was held to be estopped from recovering her personal property by her silence at the time it was taken away, and was denied the right to recover for the keep of the horses because the defendant had no knowledge that they were kept at the expense of the plaintiff. It is made very clear by the plaintiff's evidence that some of her property was taken from her farm by the sheriff on a writ of replevin to which she was not a party, and delivered to the plaintiff; that within a day or two thereafter, she notified the plaintiff that the property was hers ; that he promised to return it, and that, with the exception of a few small articles, he failed so to do. It further appeared that the defendant afterwards sold a part of the property so taken, and it seems to be conceded by the defendant's counsel that it was all sold. The defendant had purchased some personal property belonging to Job Beegle at a sheriff's sale, on the same farm from which the plaintiff's property was taken, more than a year previous to the time the writ of replevin was issued. Some of the articles sold at the sheriff's sale were the same in kind as those claimed by the plaintiff. The defendant permitted this property to remain on the farm under an alleged arrangement with the defendant in the execution, and his brother, Daniel. A dispute having arisen between them, the writ of replevin referred to was issued by the defendant. The plaintiff was living on the farm at the time this writ was executed, and was at the house when the goods were taken away. She denied that anything was said to her about taking the goods and that she was asked whether she had any claim on them. She also alleged that nothing was said to her in regard to the property. Among the articles taken were an Oliver chilled plow, a single harness, two sets of work gears, two bridles, and a number of tools. The property was placed in wagons by the sheriff and his assistants. It does not appear that the plaintiff knew that

the particular articles which she claimed were in any of the wagons, or that she knew her property rather than that which had been sold at the sheriff's sale as the property of her brother, Job, was being taken away.

The testimony lacks that clearness from which the court could safely say that the plaintiff knew the articles for which she brought suit were in the wagons at the time the sheriff took away the property. If that were a material consideration, the question was one for the jury. As we understand the case, however, the doctrine of estoppel is not applicable to the facts. If the action were against the sheriff and it clearly appeared that the plaintiff permitted him, without notice or objection, to take away her property, that question might become important. But the action is against the plaintiff in the writ of replevin. He received the property and after notice of the plaintiff's claim sold it. The plaintiff did not lose her title to the property even if she permitted the sheriff to remove it. If the property did not belong to the defendant, he had no right to sell it and thus convert it to his own use. He did not have the excuse of ignorance if the plaintiff promptly claimed her property from him. It was a question of fact whether the defendant got the plaintiff's property by virtue of his writ of replevin and converted it, and this a jury alone can determine.

The evidence is not clear as to the character of Daniel Barley's tenancy of the plaintiff's farm. The court excluded the evidence of the terms of the agreement between the plaintiff and him, on the objection of the defendant, but evidence as to some of the terms of the contract was afterward admitted, from which it appeared that the plaintiff owned the farm, that she supplied all the farming implements and the horses; and that Daniel received a share of the crops which he sold; the plaintiff's share being stowed in the barn; and out of this the defendant's horses were kept for about a year. The plaintiff does not allege an express agreement, but shows that she owned the farm and the feed, and that the horses were left there by the defendant, out of which facts she claims an implied contract arose. The defendant's averment was that the horses were left on the place under an arrangement with Job and Daniel. The place at that time belonged to the mother of the

plaintiff who sold it to the latter about four months thereafter. It does not appear that Job had any interest in the farm, nor in the property thereon after the sheriff's sale. Nor does it clearly appear that Daniel had control over the place or any power to receive the horses to be kept there. The defendant knew they were so kept, and is presumed to have known that they were being fed and cared for at some person's expense. According to the plaintiff's evidence they were sheltered in her barn and fed out of her bin and mow. We think it was for the jury to say whether under all the evidence the defendant was liable to the plaintiff for the keep of the horses. It may be that he can show such a state of facts as would relieve him from all liability. It is not clear, however, that he did so at the trial. " If the evidence is direct, certain, presenting no question of credibility and leaving no sufficient ground for inconsistent inference of fact, the court may be asked to instruct the jury as to its legal effect. But if it is uncertain, if it depends on the credibility of witnesses, and if there is room for drawing from it different inferences of fact, it must go to the jury. They must clear up doubts, settle questions of credibility, draw correct inferences and give final shape to findings of fact : " Corcoran v. Insurance Co., 183 Pa. 443 ; Dinan v. Supreme Council, 210 Pa. 456.

The judgment is reversed and a venire facias de novo is awarded.