# Dinan *v.* Supreme Council of the Catholic Mutual Benefit Association, Appellant.

*Practice, C. P.—New trial—Perverse verdict—Review.*

Where a verdict is so manifestly perverse, and contrary to the undisputed documentary evidence in the case as to elicit from the trial judge a declaration that it is "shocking to every fair sense of justice and right," it is the duty of the lower court to set the verdict aside, and if it fails to do so the appellate court will so order.

In all cases where the court is satisfied that the finding of the jury is against the truth, justice will not be administered unless it is set aside, for it is not vere dictum on which alone judgment can be justly entered. But for the power lodged in courts to set aside untrue findings, the infliction

of injustice could not be avoided, for, great as may be the jury system, whims, sympathies, prejudices and caprices at times influence and control the judgment of men, even when sworn to be guided only by the law and the evidence in the case. The remedy for a perverse verdict, or for one so clearly against the weight of the evidence that it will result in wrong, if allowed to stand, is to set it aside and grant a new trial, and the power to do so, existing in the trial court, ought to be unflinchingly exercised.

*Beneficial associations—Fraud—Age limit—Evidence.*

In an action against a beneficial association to recover a death benefit, where the defense is that the member was over fifty years of age when he was initiated, which was beyond the age limit permitted by the constitution of the association, and there is offered in evidence a statement by the deceased under oath made in naturalization proceedings showing that the deceased at the time of his initiation was over fifty-six years of age, and this evidence is unimpeached, a verdict should be directed in favor of the beneficial association.

Argued Oct. 31, 1905. Appeal, No. 146, Oct. T., 1905, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1900, No. 213, on verdict for plaintiff in case of Andrew A. Dinan and Mary G. Dinan, his wife, v. Supreme Council of the Catholic Mutual Benefit Association. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Assumpsit to recover death benefits. Before BROWN, J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $2,735. Defendant appealed.

*Errors assigned* were (1) in refusing binding instructions for defendant; (2) in not granting a new trial.

*A. B. Reid*, with him *A. V. D. Watterson*, for appellant.

*G. W. Williams*, with him *N. S. Williams* and *Albert J. Edwards*, for appellee.

OPINION BY MR. JUSTICE BROWN, January 2, 1906:

This case has been tried five times in the court below. It has reached us three times—twice before on appeals by the plaintiff (201 Pa. 363, and 210 Pa. 456) and now on the defendant's appeal from a judgment in favor of the plaintiff. Her

right to recover depends upon the age of her father at the time he became a member of the Supreme Council of the Catholic Mutual Benefit Association and received the certificate of membership in which she was named as the beneficiary. By section 177 of the constitution of the association no person over fifty years of age can become a member of it. In the application of the deceased for membership, dated July 2, 1891, he gave September 15, 1842, as the date of his birth, making his age less than forty-nine years at the date of his initiation—August 20, 1891. On the fourth trial a verdict was directed for the defendant by the learned president judge of the court below, because, in his opinion, it had established by strong evidence that the decedent was over fifty years of age when he applied for membership in the association. On appeal, we held this direction to have been error, for the reason that the credibility of the witnesses, upon whose testimony the defendant relied to establish the over age of the insured, was for the jury, especially in view of their answers on cross-examination: Dinan v. Supreme Council of the Catholic Mutual Benefit Association, 210 Pa. 456. On the last trial, from which we have this appeal, the question of the age of the insured was submitted to the jury, because the learned trial judge was of opinion that he was required to do so, in view of what we said in reversing the judgment on the fourth trial. The result was a verdict in favor of the plaintiff, which, in the opinion refusing a new trial, is said to be " shocking to every fair sense of justice and right," as the testimony was " an overwhelming demonstration against plaintiffs' right of recovery, a demonstration with almost mathematical precision that Coll at the date of acquiring membership in 1891, was not under fifty years of age—was not forty-eight years of age as his application for membership certifies—but some fifty-six or fifty-seven years of age." This statement of the trial judge was fully justified and his duty in passing upon the application for a new trial was free from all doubt. He does not simply state that the finding was one he would not have made in view of the testimony, or that he cannot set it aside for the reason that he does not agree with it, but declares it to be " shocking to every fair sense of justice and right," as it was a finding in the face of undisputed documentary evidence to the contrary. In such a case there is but

one course open to a trial judge, and that is to set the verdict aside, for to sustain it is to sanction injustice in a court of justice.

In all cases where the court is satisfied that the finding of the jury is against the truth, justice will not be administered unless it is set aside, for it is not vere dictum on which alone judgment can be justly entered. But for the power lodged in courts to set aside untrue findings, the infliction of injustice could not be avoided, for, great as may be the jury system, whims, sympathies, prejudices and caprices at times influence and control the judgment of men, even when sworn to be guided only by the law and the evidence in the case. The remedy for a perverse verdict, or for one so clearly against the weight of the evidence that it will result in wrong, if allowed to stand, is to set it aside and grant a new trial, and the power to do so, existing in the trial court, ought to be unflinchingly exercised: Kohler v. Pennsylvania R. R. Co., 135 Pa. 346. No other view of this verdict is possible than that entertained by the trial judge and it was, therefore, his clear duty to set it aside. The case having been submitted to the jury under a state of facts that permitted of but one conclusion, a different one cannot be permitted to stand.

But the case ought not to have proceeded so far as to have made it necessary for the defendant to ask for a new trial. On the last trial a situation was presented very different from that on the fourth, in which it was for the jury to pass upon the credibility of the witnesses called by the defendant. At this fifth trial a petition of Charles Coll for naturalization, addressed to the circuit court of the United States for the western district of Pennsylvania, dated October 4, 1856, and sworn to by him, was offered in evidence by the defendant. In this petition Coll declared himself at that time to be over twenty-one years of age. Maurice Coll, a brother of the father of plaintiff, testified that the signature to the petition was that of the insured, and further stated that twenty-one days later—on October 25, 1856,—Charles, who was older than he, appeared in the same court at his instance and request and vouched for him on his petition for naturalization, in which he at that time stated that he himself was over twenty-one years of age—a fact reaffirmed by him in his testimony on this last trial. No attempt

was made to question the credibility of this witness, nor to impeach the petition of the insured for naturalization taken from the records of the United States court, in which he gave his age as over twenty-one years in October, 1856, making him in 1891 over fifty-six years of age. With this documentary evidence before the court showing Coll's own declaration under oath, in October, 1856, that he was then more than twenty-one years of age, the question of the credibility of witnesses was no longer for the jury's determination, but their duty was to return a finding in accordance with the unimpeached and conclusive written evidence in the case, and they should have been so instructed by affirming the defendant's fourth point, asking that a verdict be directed in its favor. The prima facie case of the plaintiff, as made out by the certificate of membership, upon which alone she relied for her father's age, was completely· overcome.

The judgment below is reversed and judgment is now entered here for the defendant.