Opinion by
Oklady, J.,
After twice shifting its defense in regard to the particular clause in its policy under which it might be held to be liable, if at all, the defendant association finally depends on an interpretation it puts on inferences to be drawn from controverted facts. The inducing cause of the death of the plaintiff’s husband, was the sudden forward movement of the car on which he was the motorman. It is contended that the defendant is not liable because of the alleged violation of a rule of the employer, in leaving the car “without first throwing off the overhead switch and removing the controller handle;” but this was the disputed and important fact, which depended upon the testimony of several witnesses, who did not agree in their statements. The plaintiff was required to demonstrate affirmatively to the satisfaction of the jury that her husband did not in fact violate a rule of the company. She has done this, and has also satisfied the court in banc on the motion for judgment non obstante veredicto. The question of the motorman’s contributory negligence was submitted to the jury in a plain and clear manner, and the verdict rendered was fully warranted by the evidence. Had the verdict been in favor of the defendant it would not be disturbed as being contrary to the weight of the evidence, but the credibility of the witnesses is always for the jury, and the essential facts of this case being in dispute, the controversy *286 was rightly left to the jury to pass upon the effect of the oral evidence in determining' their conclusion: Dinan v. Supreme Council, 210 Pa. 456.
The assignments of error are overruled and the judgment is affirmed.