## Dougherty v. Andrews, Appellant.

*Appeals—New trial—Discretion of court—Practice, C. P.*

The appellate court will not reverse an order setting aside a verdict and granting a new trial, where there is nothing to show that the trial court abused its discretion.

Argued Feb. 19, 1902. Appeal, No. 12, Jan. T., 1902, by defendant, from order of C. P. Schuylkill Co., March T., 1900,

No. 209, granting a new trial in case of John Dougherty v. Mary Andrews. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Affirmed.

Trespass for the alleged trover and conversion of a certificate of indebtedness. Before Bechtel, P. J.

At the trial it appeared that Patrick McGee in his lifetime had on deposit with the Lehigh Coal & Navigation Company, $11,200, and held as evidence of such deposit a certificate of indebtedness. The defendant claimed that the decedent had given her the certificate in her lifetime. The testimony as to the gift was contradictory. The court submitted the case to the jury, who returned the verdict in favor of the defendant. The verdict was subsequently set aside and a new trial granted.

*Error assigned* was order granting a new trial.

*J. O. Ulrich,* for appellant.

*William Wilhelm* and *Joseph W. Moyer,* with them *George Dyson,* for appellee.

Opinion by Mr. Justice Brown, May 19, 1902:

The only error complained of on this appeal is the granting of a new trial by the court below. The verdict was for the defendant, which, on application of the plaintiff, for reasons assigned, was set aside and a new trial awarded. The testimony taken in the case is not before us ; but, from the résumé of it in the judge's charge, his discretion in setting aside the verdict was not abused, and the order making the rule for a new trial absolute is affirmed.