## Maloy *v.* Rosenbaum Company, Appellant.

*Negligence—Automobiles—Master and servant—Injuries caused by chauffeur—Course of employment—Liability of master.*

1. In actions for injuries caused by the drivers of vehicles in the employ of the owner thereof, where defendant denies that the driver was acting within the scope of his employment at the time of the accident, the issue as to the capacity in which the driver was acting at the time of the injury, whether for himself or his employer, must generally be decided upon presumptions and inferences from ascertained facts.

2. In an action against the owner of a motor truck for injuries occasioned by the driver thereof, when returning the vehicle to the garage after making delivery of parcels, where it appeared that the chauffeur deviated from the most direct route and invited friends to ride with him in the automobile, in disobedience of his orders; but where it further appeared that after making the last delivery, chauffeurs were permitted to use their own judgment as to the best route and the best way of coming in, and where it further appeared that the accident happened on Saturday evening when the most direct route was congested by traffic, the fact that the chauffeur deviated from the most direct route, and that he disobeyed his orders as to carrying guests was not conclusive against the plaintiff; and the trial judge properly submitted the case to the jury, and a verdict and judgment for plaintiff were sustained.

*Practice, Supreme Court and Common Pleas—New trial—Trial —Harmless error—Witnesses—Examination—Cross-examination— Charge—Correction—Failure to request further instructions—Exceptions.*

3. In every instance where the ascertainment of facts and the drawing of inferences and final conclusion are for the jury a grave responsibility rests upon the trial judge to see to it that no verdict contrary to the weight of the evidence or shocking to judicial conscience is allowed to stand, no matter how many new trials must be granted in order to effect the ends of justice. This will always be so until the fundamental law, which ordains that trial by jury shall be as heretofore, is changed to give greater power, in the realm of facts, to the judiciary. Per Mr. Justice MOSCHZISKER.

4. Where questions to witnesses seek to elicit conclusions rather than facts, they are properly subject to objection.

5. Where the trial judge ruled out certain matter, the substance of which was subsequently brought out by other questions which he permitted, there is no ground for objection.

6. The restraint to be put on cross-examination is primarily a question for the trial judge, and his rulings thereon will not be reversed unless for manifest and material error.

7. There is no ground for reversal where the trial judge, in his charge, mentioned that the chauffeur, who caused the accident, had not been questioned, when on the witness stand, by defendant, concerning all the material facts in the case, and broadly intimated that this might be considered against the latter; but, when defendant's counsel called attention to the fact that the chauffeur was plaintiff's, not defendant's witness, and, further, that many of the questions which defendant had put to him were ruled out by the court, the judge immediately stated that defendant's counsel was right, thus in effect correcting his charge, especially where counsel requested no further instructions and did not except to the alleged error.

Argued Feb. 5, 1918. Appeal, No. 175, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., April T., 1916, No. 2063, in case of John Maloy v. Rosenbaum Company. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before FORD, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $5,500 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury.

*William S. Moorhead,* for appellant.—Uncontradicted testimony of both plaintiff's and defendant's witnesses establishes the fact that the chauffeur of the automobile was indulging in a joy ride at the time of the accident: Lotz v. Hanlon, 217 Pa. 339, 341; Curran v. Lorch, 243 Pa. 247; Scheel v. Shaw, 252 Pa. 451; Solomon v. Commonwealth Trust Co. of Pittsburgh et al., 256 Pa. 55; Blaker v. Philadelphia Electric Co., 60 Pa. Superior Ct. 56.

The automobile ride on which the chauffeur took his friends was not a deviation from the route to the garage, but an abandonment of it: Blaker v. Philadelphia Electric Co., 60 Pa. Superior Ct. 56; Scheel v. Shaw, 252 Pa. 451; Solomon v. Commonwealth Trust Co. of Pittsburgh et al., 256 Pa. 55.

*Richard W. Martin,* with him *Beatty, Magee & Martin,* for appellee.—There was ample evidence to justify the jury in finding as a fact that the chauffeur was acting in the scope of his employment: Penna. R. R. Co. v. Spicker, 105 Pa. 142; Conner v. Pa. R. R., 24 Pa. Superior Ct. 241; Hershinger v. Pa. R. R., 25 Pa. Superior Ct. 147; Edgeworth v. Wood, 58 N. J. Law 463; Hessessey v. Baugh & Sons Co., 29 Pa. Superior Ct. 310; Corpies v. Iron City Sand Co., 31 Pa. Superior Ct. 107; Sarver v. Mitchell, 35 Pa. Superior Ct. 69; Williams v. Ludwig Floral Co., 252 Pa. 140; Witte v. Mitchell-Lewis Motor Co., 244 Pa. 172; Moon v. Matthews, 227 Pa. 488.

Appellant's case at most amounts to proof that the chauffeur deviated from the shortest and most direct route to the garage and took a longer and less direct one. It shows no abandonment of the master's business:

Luckert v. Reighard, 248 Pa. 24; Solomon v. Commonwealth Trust Co. of Pittsburgh, 256 Pa. 55.

OPINION BY MR. JUSTICE MOSCHZISKER, March 4, 1918:

On Saturday evening, January 29, 1916, about ten o'clock, plaintiff, while traversing a public highway in the City of Pittsburgh, was knocked down and injured by a delivery automobile belonging to defendant corporation; he sued in trespass, alleging negligence, and recovered a verdict, upon which judgment was entered; defendant has appealed.

The appellant admits that the issues as to plaintiff's contributory negligence and the negligence of the driver of the automobile were both properly submitted to the jury; but it contends that the evidence relied upon to show, at the time of the accident, the chauffeur was acting for the defendant, within the scope of his employment, was totally insufficient to that end. Appellant further contends that the testimony of the chauffeur, who was called as a witness by plaintiff, clearly proved that, at the time in question, he was pursuing his own purposes and not the business of his employer; and, moreover, that uncontradicted testimony given by other witnesses, called by the defendant, was to the same effect. Therefore, appellant argues, it is entitled to judgment n. o. v. If, however, this court should not so decide, then appellant contends, in several assignments, that trial errors occurred which call for a reversal with a venire facias de novo.

During the production of plaintiff's case, defendant admitted that, on January 29, 1916, it owned and conducted a department store in the City of Pittsburgh; that, in connection therewith, it used automobiles to deliver merchandise; that the machine which struck plaintiff belonged to it; and, finally, that one Julius Solovitz was employed by it as a chauffeur. The defendant, however, refused to concede "that, at the time of the ac-

cident, the automobile in question was being operated by its servant in the course of his employment."

To meet the last mentioned point, plaintiff proved that the particular machine involved in this case was one of a large number of business automobiles owned and used by defendant in the delivery of packages from the latter's store, and that this car, in common with others, had defendant's corporate name painted thereon; that Solovitz was one of the defendant's regularly employed drivers, whose duty was to deliver merchandise to its customers; that, on the night here involved, the automobile in question left defendant's garage at seven o'clock, loaded with packages; that plaintiff was injured about three hours thereafter, in the district covered by these deliveries, and that the car was returned to defendant's garage by Solovitz, within half an hour following the accident.

The facts just detailed are amply sufficient to take the case to the jury on the issue as to whether or not the chauffeur was acting for the defendant, within the scope of his employment, at the time of the accident; but during the course of the cross-examination of Solovitz, when the latter was on the stand as a witness for plaintiff, defendant developed these facts: That, before handing out the last two packages which he had to deliver, the chauffeur permitted two of his friends, who were in no way connected with the defendant, to ride with him; that these two guests were in the automobile when plaintiff was injured, and remained therein until its return to defendant's garage; and that the accident occurred after the last of the deliveries was made, when the chauffeur was returning the car to the garage by a route which was somewhat circuitous and appreciably longer than he needed to take for the purpose.

Appellant contends these latter facts should be considered as part of plaintiff's case, and that they conclusively show Solovitz and his two friends were on a "joy ride" at the time of the accident. On the other

hand, appellee contends that, since he merely called de-
fendant's chauffeur to the stand for the purpose of identi-
fication, and did not pursue his examination beyond that
point, the facts developed on cross-examination, against
his objections, must be considered as part of defendant's,
not plaintiff's, case (Quigley v. Thompson, 211 Pa. 107) ;
but we do not deem it necessary to decide this point,
since, even assuming the facts in controversy to be part
of plaintiff's case, they are not of a character to make
the issue now under discussion (whether, at the time of
the injury, defendant's chauffeur was acting for it or
using the latter's automobile for his own pleasure) a
matter of law to be passed upon by the court.

Solovitz testified that, while he knew it was his duty,
after making the last delivery, to return to the garage by
the most direct route, yet he and the other drivers were
permitted to use their "own judgment about the best way
of coming in—the best route"; moreover, the accident
happened on Saturday evening and the parts of the city
through which, by the most direct way, he would have
been obliged to drive, are congested districts, which he
avoided by the route pursued, i. e., over the boulevards,
the latter being a popular way between the uptown and
downtown sections of the City of Pittsburgh.   The fact
that the chauffeur deviated from the most direct route
back to the garage, and the further fact that he disobeyed
his employer's general instructions, when he permitted
guests to ride with him, were not conclusive evidence
against the plaintiff: Luckett v. Reighard, 248 Pa. 24,
31, 34; Moon v. Matthews, 227 Pa. 488, 493.

In cases of the class to which the one at bar belongs,
the issue as to the capacity in which the chauffeur was
acting at the time of plaintiff's injury, whether for him-
self or his employer, must generally be decided on pre-
sumptions and inferences from ascertained facts (Moon
v. Matthews, supra, p. 491; Williams v. Ludwig Co., 252
Pa. 140; O'Malley v. Public Ledger Co., 257 Pa. 17; see
also Hershinger v. Pa. R. R. Co., 25 Pa. Superior Ct. 147,

150). While the ascertainment of the underlying facts, and the drawing of the inferences and final conclusions therefrom, are for the jury, even where strong conflicting oral evidence is produced by a defendant, yet, in every such instance, a grave responsibility rests upon the trial judge to see to it that no verdict contrary to the weight of the evidence or shocking to judicial conscience is allowed to stand, no matter how many new trials must be granted in order to effect the ends of justice; and this will always be so, until the fundamental law, which ordains that trial by jury shall be as heretofore, is changed to give greater power, in the realm of fact, to the judiciary. The present case was tried by a competent judge, who, had he considered the verdict unwarranted, would have declined to enter judgment; and, under the circumstances, we are not convinced of reversible error in the refusal to grant a new venire.

The assignments complaining of trial errors do not call for elaborate consideration. We have repeatedly said that the restraint to be put upon cross-examination is primarily a question for the presiding judge, and that his rulings will not be reversed unless for manifest and material error. In some of the rulings called to our attention, we are impressed that the learned judge below might have been more liberal, without harm to either side, but we cannot say he committed reversible error; moreover, in practically every instance, the substance of the matter which his restriction eliminated was subsequently brought out by other questions that he permitted. Then again, in most instances, the questions which the court refused to permit, sought to elicit conclusions rather than facts, which form of interrogation is properly subject to objection. During the course of his charge, the trial judge mentioned that the chauffeur had not been questioned by the defendant concerning all the material facts in the case, and he broadly intimated that this might be considered against the latter; but, when defendant's counsel called attention to the fact that Solo-

vitz was plaintiff's, and not defendant's, witness, further, that many of the questions which defendant had put to him were ruled out by the court, the judge immediately stated to the jury that counsel was right, and, in effect, corrected his charge accordingly. Finally, counsel asked for no further instructions regarding the subject in hand; he did not except to the alleged error and cannot now complain of it.

All the assignments are overruled and the judgment is affirmed.