ing reasons: It is my opinion the court, as it was at that time composed, had before it all the facts now urged to sustain the present bill; and, if it did not have them, they were easily obtainable, for the uses of the different coals enumerated as controlling in the instant majority opinion had then been in actual existence in this country for some time. The court there considered the matters above referred to as thoroughly as we are now considering them. Like any other case, "all relevant facts and issues directly connected with the subject-matter of the litigation......might properly have been offered in the prior case" (State Hospital for Criminal Insane v. Consolidated Water Supply Co., 267 Pa. 29, 37); and all issues entering into the governing point are there determined: Allen v. Int. Text Book Co., 201 Pa. 579, 582. The reasons given to sustain the conclusion of the court in the former case are not so erroneous or out of harmony with the Constitution that we can declare they were error. I cannot discover additional ground on which to rest contrary view.

For the reasons given, I would apply the law of the former case and hold the present act unconstitutional.

---

## Ferry, Appellant, *v.* Payne, Director General.

*Appeals—Order granted new trial—Discretion—Abuse.*

An appeal from an order granting a new trial will be dismissed, where no clear error of law or plain abuse of discretion appears.

Argued May 15, 1922. Appeal, No. 355, Jan. T., 1922, by plaintiff, from order of C. P. York Co., Jan. T., 1920, No. 81, granting new trial, in case of C. T. Ferry v. John Barton Payne, Director General of Railroads. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON and SCHAFFER, JJ. Affirmed.

Trespass for negligence.   Before Ross, J.

Verdict and judgment for plaintiff.   Motion for new trial.

New trial granted.   Plaintiff appealed.

*Error assigned* was order, quoting it.

*James G. Glessner,* for appellant.

*George Hay Kain* and *Richard E. Cochran,* for appellee, were not heard.

PER CURIAM, June 24, 1922:

This is an appeal from an order granting a new trial. Since no clear error of law or plain abuse of discretion appears, the appeal is dismissed.

---

# Commonwealth ex rel. *v.* Richards.

*Habeas corpus—Criminal law—Murder—Twice in jeopardy.*
The writ of habeas corpus cannot be resorted to for the purpose of discharging a prisoner on the ground of former jeopardy.

Petition for writ of habeas corpus to sheriff of Indiana Co., No. 301, Misc. Docket, 1922.

*Charles J. Margioti* and *E. E. Creps,* for petition.

*Wilmer H. Wood,* District Attorney, for respondent.

PER CURIAM, June 10, 1922:

By formal indictment, the relator was charged with murder by the grand jury of Indiana County, in December, 1921; his trial took place at the March term following, and the case was submitted to the jury on the 18th of that month; on the 20th, a note was addressed