## Sloan, Appellant, v. Miller.
## Sloan v. Miller, Appellant.

*Practice, C. P.—New trial—Discretion—Appeals—Fraud—Affidavit of defense—Necessity to aver fraud.*

1. On appeal from an order granting a new trial, the appellate court will not reverse unless it clearly appears the trial court abused its discretion by acting arbitrarily or under a plain mistake of law.

2. While a defendant who has failed to aver, in his affidavit of defense, a particular fraud committed upon him by plaintiff, might have no right to offer evidence of such misconduct at trial, yet when plaintiff's own testimony shows the fraud, or discloses facts from which it may be inferred by the jury, the absence of reference thereto in the affidavit of defense will not deprive defendant from taking advantage of it either by motion for nonsuit or for binding instructions, or by request for proper instructions on the subject.

3. If none of such courses are pursued, but the court feels and certifies, that, as a matter of fact, the ends of justice require a new trial, the appellate court will not interfere, on appeal, with an order granting such relief.

*Appeals—Motion for judgment n. o. v.—New trial—Appeal by defendant—Act of April 22, 1905, P. L. 286.*

4. Where the court grants a new trial to defendant and overrules his motion for judgment n. o. v., he has no standing to appeal from the latter order, inasmuch as there is no judgment against him.

5. The Act of April 22, 1905, P. L. 286, affords a right of appeal only where a final judgment is entered on the whole record.

Argued October 5, 1922. Appeals, Nos. 26 and 35, Oct. T., 1922, by defendant, from order of C. P. Washington Co., Aug. T., 1920, No. 261, overruling motion for

judgment n. o. v., and by plaintiff, from order granting new trial, in case of Tom P. Sloan v. Charles Miller. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for commissions. Before BROWNSON, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff for $20,044.75. New trial granted. Both plaintiff and defendant appealed.

*Error assigned* by plaintiff was order granting new trial, quoting record.

*Error assigned* by defendant was order overruling motion for judgment n. o. v., quoting record.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *David M. McCloskey,* for Tom P. Sloan, cited: First Nat. Bank v. Fidelity T. & T. Co., 251 Pa. 536; Fulton v. Walters, 216 Pa. 56; Danboro & Plumsteadville Turnpike Road Co. v. Bucks County, 258 Pa. 391.

*John M. Freeman,* of *Watson & Freeman,* with him *Andrew M. Linn* and *Albert C. Hirsch,* for Charles Miller, cited: Wilkinson v. McCullough, 196 Pa. 205.

PER CURIAM, January 3, 1923:

In this case plaintiff sued to recover commissions, alleged to be due him as agent for defendant in the sale of certain real estate; the jury rendered a verdict for the former; the latter moved for a new trial and for judgment n. o. v.; the court below granted the first motion and denied the second; both sides have appealed; plaintiff complains of the order entered, and defendant because of the refusal of his motion for judgment n. o. v.

The court below states,—in its opinion granting the new trial and refusing judgment n. o. v.,—that, though the testimony given by plaintiff contains "no distinct

and unequivocal admission" of fraudulent conduct on his part toward defendant, yet "an inference might be drawn from [such] testimony, as a whole, that [important] facts were not disclosed by him" to his principal (the defendant), and, from the failure to make such disclosures, the conclusion might be warranted that plaintiff had been guilty of fraudulent conduct of a character which would deprive him of a right to recover at law. The court below further states, the issue of the particular fraudulent conduct now in question was not submitted to the jury, because, although other frauds were alleged, it was neither raised in the affidavit of defense nor specially called to the trial judge's attention; but that, in the trial court's view, "this question ought to have been so submitted, instead of being in effect excluded from consideration by the instructions given," adding, "we [the trial court] feel that the way in which to avoid the danger of injustice to either party is to grant a new trial."

While a defendant who has failed to aver, in his affidavit of defense, a particular fraud committed on him by plaintiff, might have no right to offer evidence of such misconduct at trial, yet, when plaintiff's own testimony shows the fraud, or discloses facts from which it may be inferred by the jury, the absence of reference thereto in the affidavit of defense will not deprive defendant from taking advantage, in any proper way, of the legal effect of plaintiff's disclosures, either by a motion for a nonsuit or for binding directions, or by request that the jury be instructed to give legal heed to the evidence in question, according to the inferences it may draw therefrom and the facts as it may find them. When, in a case like the one before us, none of these courses are pursued, but the trial court feels, and certifies, that, as a matter of fact, the ends of justice require a new trial, we will not interfere, on appeal, with an order granting such relief.

As recently stated, in Hess v. Gusdorff, 274 Pa. 123, 124, "on appeal from an order such as the one here complained of, we never reverse unless it clearly appears the trial court abused its discretion by acting arbitrarily or under a plain mistake of law"; see also, Alianell v. Schreiner, 274 Pa. 152, and Ferry v. Director General, 274 Pa. 466.

As to defendant's case, there is no judgment against him; the Act of April 22, 1905, P. L. 286, affords a right of appeal only when a final judgment is entered on the whole record. So far as defendant is concerned, the case is pending in the court below, and the next trial may present a different record; therefore, we shall not discuss the question whether the present evidence conclusively shows fraudulent conduct on part of plaintiff, as contended by defendant.

The order appealed from by plaintiff is affirmed and defendant's appeal is dismissed.