## Class & Nachod Brewing Co., Appellants, v. Giacobello.

*Appeals—Grant of new trial—Grounds for reversal or affirmance —Discretion of lower court—Abuse.*

1. An order awarding a new trial is one from which an appeal lies.

2. Whenever the reason or reasons assigned for such order involve the exercise of discretion, the order of the trial court will not be interfered with unless a palpable abuse of power appears.

3. Such order will not be reversed unless the whole controversy may be ended by a determination of the constitutionality, applicability, construction, or effect of a statute, or other matter of writing, which, so far as the case in hand is concerned, could not possibly be controlled or affected by evidence aliunde the writing itself, and in such instance the record must not only plainly show the point in question, but its governing force.

4. Nor will it be reversed, unless it clearly appears the court below, in ordering a new trial, either asserted a power, which, under the attending circumstances, it did not possess, or its action was controlled by a point of law, the decision of which, one way or the other, would govern the case to the exclusion of all other considerations.

5. Nor will it be reversed, unless the court states it would have refused to grant the new trial but for reasons distinctly set forth which, in its opinion, control the whole case; and then the appellate court will review the reasons given only when they do not in-

volve the consideration of oral evidence unless purely as to its legal effect in some isolated and all controlling particular wherein its verity is admitted.

6. If an important question in the case cannot be raised on the record as made in such a way as to permit of its consideration on appeal, this, of itself, may warrant the grant of a new trial.

7. Where the court below grants a new trial on the ground that error had been committed by the admission of certain evidence, the appellate court will not reverse if neither the ruling on evidence which the trial court considered erroneous nor the points of law covered by that ruling were of a nature to control the whole case, and neither the opinion of the court nor the record plainly stated or showed such supposed error to be the only matter that dictated or could have influenced the granting of the new trial.

Argued April 17, 1923. Appeal, No. 174, Jan. T., 1923, by plaintiff, from order of C. P. Huntingdon Co., May T., 1921, No. 58, granting new trial, in case of Class & Nachod Brewing Co. v. T. A. Giacobello. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule for new trial after verdict and judgment for plaintiff. Before BAILEY, P. J.

The opinion of the Supreme Court states the facts.

New trial granted. Plaintiff appealed.

*Error assigned,* inter alia, was order, quoting motion, order and exceptions, and referring to reasons for motion by pages in record.

*J. Earnest Nachod,* with him *James S. Woods,* for appellants.—Comerer v. Ins. Co., 53 Pa. Superior Ct. 517; Shannon v. Castner, 21 Pa. Superior Ct. 294; Travis v. Brown, 43 Pa. 9.

*W. M. Henderson,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 23, 1923:

This is an appeal from an order awarding a new trial. Plaintiff recovered a verdict for the price of merchandise

sold to defendant; the court below concluded that error had been committed by the admission in evidence of certain exhibits offered by the successful party, and, on this ground alone, so far as its opinion indicates, directed a retrial,—although the possibility of other moving reasons is not expressly excluded.

Without regard to the correctness of the ruling on evidence which appellant seeks to have considered, the first point presenting itself for decision concerns his right of review on an appeal from the grant of a new trial under the circumstances here shown, the ruling in question not being basic in its nature, in the sense of going to the whole case, or completely governing the right of recovery.

Since there seems to be confusion in the mind of the profession concerning the scope of an appeal such as that now before us, we take this opportunity to examine certain of our cases bearing on the subject, in order to deduce therefrom relevant general rules; to facilitate subsequent reference to these authorities, they are arranged in numbered paragraphs.

(1) In 1815, Chief Justice TILGHMAN said truly, the power to award a new trial belongs to every common-law court; and, in the same case (Graham v. Graham, 1 S. & R. 330, 331, 333), Mr. Justice YEATES, who entered the order affirming the grant of a new trial by the court below, stated, "We are bound to presume, in all such instances, that [the trial court] exercised a sound discretion," adding, "the propriety of granting or refusing a new trial in a civil case cannot be examined in a superior court on a writ of error;" but this latter view, as to the total absence of a right of appeal, was not adhered to in succeeding cases.

(2) In Allen v. Sawyer, 2 P. & W. 325, 331, the court below granted a new trial because the jury had rendered a verdict for defendants where plaintff was entitled to nominal damages at least. We said it was legal error to award a new trial for such a reason; and, there being

no other grounds which called for a retrial of the case, the order appealed from was reversed, the verdict for defendant reinstated and judgment entered thereon.

(3) A new trial was granted in Syracuse P. H. Oil Co. v. Carothers, 63 Pa. 379, 380, long after the time for such relief had expired, and when the president judge of the court below had already formally decided against it. The order appealed from was "reversed and set aside," and a motion to quash the writ of error "overruled."

(4) In Lance v. Bonnell, 105 Pa. 46, the court below allowed a rule for a new trial, within the term, nunc pro tunc, as of a date prior to the entry of judgment on the verdict, and then made the rule absolute. We said this had the effect of setting aside both the verdict and the judgment, and that the only question which could be reviewed concerned the authority, or legal power, of the court, under the circumstances there presented, to enter the order appealed from. After concluding the court below had acted within its authority, we quashed the writ of error.

(5) Hambleton v. Yocum, 108 Pa. 304, 309, is another instance where the question of law, as to the legal power of the court below to grant a new trial, under the circumstances of the case, was considered and determined. Judgment was entered on a verdict taken under an alleged agreement of counsel; after the term, a party with an interest claimed a fraud had been perpetrated against him in arranging the verdict, and, on this ground, the judgment was set aside and a new trial granted. We quashed the writ of error.

(6) In Commonwealth v. Howard, 149 Pa. 302, the court below refused to decide a case-stated, because it failed to disclose the facts properly, and granted a new trial. We "affirmed" the "judgment" with a procedendo.

(7) In Dougherty v. Andrews, 202 Pa. 633, the court below awarded a new trial, apparently because dissatisfied with the verdict; the case depended on oral evidence.

We stated that, no abuse of discretion appearing, the order must be affirmed.

(8) A new trial was granted in Commonwealth v. Gabor, 209 Pa. 201, 203, against defendant's protest; he appealed, and the Commonwealth moved to quash. This court said, ordinarily the motion would have to prevail, because, for lack of a final judgment, such an order was not appealable, but added that, since appellant claimed as a matter of law to be entitled to an absolute discharge, the order for another trial was "so far in the nature of a final judgment" that the court would determine the question of the right asserted by the prisoner; which we did, and affirmed the order of the court below.

(9) A comparatively recent deliverance on the question of the right of appeal from the grant of a new trial, indicating the circumstances under which this court will reverse such an order, may be found in Danboro & P. Turnpike Rd. Co. v. Bucks Co., 258 Pa. 391, 394, where we said, "the only question brought before us by the appeal" was whether two certain acts of assembly continued, or the later of them repealed the earlier, and that the decision of this question would control the final determination of the case. We adjudged the point just mentioned in favor of appellee, but before considering it, Mr. Justice Stewart, in disposing of the question of appellant's right of appeal, stated: "We have been reminded of the general rule that the granting or refusal of a new trial rests in the discretion of the trial judge, and it is only where that discretion has been abused that an appeal can be entertained. This court has been constant in the observance of that rule, however liberal we may have been in its construction. What is sometimes thought to be a departure from it is only another illustration of strict adherence, by giving it a more general application than a strictly literal interpretation would seem to allow. Strictly speaking, the law is never a subject resting in the discretion of the trial judge; and when he errs in regard to it in his instructions to the

jury, it is by no means exact to say that he has abused his discretion, but this court has repeatedly held,—the most recent case being First National Bank of Birmingham v. Fidelity Title & Trust Company, 251 Pa. 536,—that a court can abuse its discretionary power as to the law as well as to the facts in passing on an application for a new trial, and that when a new trial is based on a plain and palpable error of law applicable to the facts of the case, it is such an abuse of discretion as will warrant a reversal. If, in the present case, the trial judge in his binding direction to the jury to find for defendant reflected a clear misconception of the law governing the case, the proper practice was observed when he directed a new trial; if otherwise, and the new trial was ordered to correct something that needed no correction, but was in entire accord with the law, such error would be palpable and this court on review could set aside the order."

(10) Fulginiti v. Diamond C. & C. Co., 259 Pa. 344, 346, is a case where a new trial was granted because one of plaintiff's witnesses had been "improperly influenced," the court below making the fact "plainly evident" that action was taken on "this one consideration." In affirming, we said: "It is enough to know that, to the mind of the court, the witness had been improperly influenced," adding, "we have no hesitancy in saying that whenever a trial court is convinced a verdict has been obtained through improper influence......it is not only the right, but the duty of the court......to order a retrial of the case."

(11) In Cleveland, etc., Co. v. Myers-Jolesch Co., 266 Pa. 309, 311, the court below ordered a retrial on the ground that "the interest of justice" required it, so that plaintiff might "have the measure of damages properly submitted to a jury." Defendant appealed, alleging the measure of damages had been properly submitted and therefore the court had abused its discretion in directing a new trial. In disposing of this contention, Mr. Justice SIMPSON said: "We cannot so hold,......for the 'inter-

est of justice' may well demand a new trial be granted in order that an important question in the cause may be so raised on the record as to permit of its consideration on appeal, and this whether or not it was properly decided at the trial. If the question or questions decided do not depend on oral evidence, are conclusive of the whole case, and nothing is left but to enter the judgment which their determination requires, we may well reverse an erroneous order granting a new trial; because, in that event, a retrial would be an injustice, antagonistic to the constitutional provision entitling suitors to 'justice......without sale, denial or delay.' But where, as here, there are other questions raised in the cause, some of which must be determined upon a consideration of oral evidence, we necessarily largely rely upon the judgment of the court below, which best knows what are the requirements of justice in such cases (Mirkil v. Morgan, 134 Pa. 144, 155); and we ought not to interfere with the exercise of its discretion simply because in its opinion it refers to but one of the questions at issue between the parties. If we did, we would be compelled to review also all the other points raised in the court below, without the aid which its consideration thereof would give us (Allen v. Sawyer, 2 P. & W. 325), and thereby we might do injustice to one litigant, while attempting to avoid it as to the other."

(12) Haltzel v. Printz, 267 Pa. 156, rests on the general principle that, on appeal from an order granting a new trial, this court will not reverse unless convinced of an abuse of discretion.

(13) In Hess v. Gusdorff, 274 Pa. 123, the court below, without assigning any specific reason, awarded a new trial. On appeal, this court said: "We cannot tell what moved the court to grant the new trial, nor what may develop at the next one; therefore the order complained of will not be disturbed."

(14) Alianell v. Schreiner, 274 Pa. 152, is an instance where the court below thought, and so certified in its

opinion awarding a new trial, that the losing party had been misled by a ruling of the trial judge, and for this reason should be given another opportunity to present its case. We said, that, since it did not clearly appear the court had "abused its discretion by acting arbitrarily or under a plain mistake of law," the order appealed from must be affirmed.

(15) Finally, in Ferry v. Payne, 274 Pa. 466, this court dismissed an appeal from an order granting a new trial because "no clear error of law or plain abuse of discretion appears."

From the above review, it may be seen that an order awarding a new trial is one from which an appeal lies; but in such cases the errors complained of have been considered only when appellant alleged the order to be based on a mistake of law involving the assertion of a power which, under the circumstances attending its exercise, was not possessed by the court below (cases 3, 4, 5, 8, supra), or when the court certified the precise grounds on which its award rested (cases 10 and 14, supra), or when the record plainly demonstrated (cases 2, 6, 8, 9, 11, supra) that the reason claimed by appellant as causing the grant of the new trial was in fact the sole one which influenced the court below in making the order assigned as error. Furthermore, the authorities indicate that because the opinion of the trial court refers to only one question, or a single point in the case, this fact will not be treated by us as conclusive proof that the point or question thus accentuated controlled the entry of the order appealed from; and, before we will proceed to a review, it must appear that testimony is not to be passed on by us (see case 11, supra), unless purely as to its legal effect in some isolated and all-controlling particular wherein its verity is admitted; moreover, in all instances the point for our determination must be so conclusive of the whole case that nothing is left but to enter the judgment which its decision requires; see discussion in case 11, supra. Finally, if the appeal turns on an

alleged abuse of discretion, it must be palpable (cases 7, 10, 12, 13, 14, 15, supra); and, should an important question in the case not be raised on the record in such a way as to permit of its consideration on appeal, this, of itself, may warrant the grant of a new trial: see case 11, supra.

It may be stated generally, therefore, that this court will not review an order granting a new trial, unless the whole controversy may be ended by a determination of the constitutionality, applicability, construction or effect of a statute, or other matter of writing, which, so far as the case in hand is concerned, could not possibly be controlled or affected by evidence aliunde the writing itself, and in such instances the record must not only plainly show the point in question but its governing force; or, unless it clearly appears the court below, in ordering the new trial, either asserted a power which, under the attending circumstances, it did not possess or its action was controlled by a point of law, the decision of which, one way or the other, would govern the case, to the exclusion of all other considerations; or, unless the court states it would have refused to grant the new trial but for reasons distinctly set forth, which, in its opinion, control the whole case, and then we will review the reasons given only when they do not involve the consideration of oral evidence further than as noted in the preceding paragraph; finally, whenever the reason or reasons assigned involve the exercise of discretion, the order of the trial court will not be interfered with unless a palpable abuse of power appears.

Thus it will be seen the scope of an appeal from the grant of a new trial is very limited, so far as the considerations which may prevail are concerned, and that, in this class of appeals, we seldom reverse.

Returning to the present controversy, neither the ruling on evidence which the trial court considered erroneous nor the points of law covered by that ruling are of a nature to control the whole case, and neither the opinion

of the court below nor the record before us plainly states or shows the supposed error to be the only matter that dictated or could have influenced the granting of the new trial; hence there is nought for us to do but enter the following order:

The appeal is dismissed.