Columbia Fur. Co., Appellant, *v.* Henry Needro.

Argued October 16, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

594

*Harry J. Gerber*, for appellant.—A new trial after two concurring verdicts should not be granted except under extraordinary circumstances: Willis v. Bucher, 2 Binney 455 (1810); Kebler v. Arthurs, 3 Binney 26 (1810); Clemson v. Davidson, 5 Binney 392 (1813); Swalm v. Walbourn, 15 Lanc. R. 118 (1897); Commonwealth v. Pistorius, 12 Phila. 550; Murray v. Simpson, 2 Phila. 174; Howard Express Company v. Wile, 64 Pa. 201 (1870).

*Willis B. Heidinger*, for appellee.

PER CURIAM, December 13, 1928:

This is an appeal by the plaintiff from an order granting a new trial after a second jury had rendered a verdict against the defendant. The sole question of fact at each trial was whether a certain judgment note was signed by defendant or by someone for him, or whether the name of the defendant was a forgery.

The judge who presided at the second trial states in his opinion that even in view of the fact that two

successive juries have rendered verdicts for the plaintiff, he is still convinced that the weight of the evidence establishes that the note is not the instrument of the defendant, and that therefore he could not conscientiously permit the verdict to stand.

The single question before us is whether under all the circumstances the order amounted to an abuse of judicial discretion. After reading the record we are not convinced that it did. While it has been held that a court will not order a new trial against two concurring verdicts upon a question of fact except in an extraordinary case (Clemson v. Davidson, 5 Binney 392), we are of the opinion that there are features in the evidence of this case which render it somewhat exceptional in character.

Therefore the order is affirmed.