Itzkovich *v.* Royal Electrotype Co., Appellant.

Argued October 21, 1930.

Before TREXLER, P. J., KELLER, LINN, GAW-
THROP, CUNNINGHAM and BALDRIGE, JJ.

*Francis Chapman*, for appellant, cited: Maloy v. Rosenbaum Co., 260 Pa. 466; Columbia Fur Co. v. Needro, 94 Pa. Superior Ct. 592.

*Lewis J. Finestone*, for appellee, cited: Hartig v. American Ice Co., 290 Pa. 21; Rose v. Adelphia Hotel, 300 Pa. 1.

OPINION BY LINN, J., December 27, 1930:

This appeal is from the refusal of a new trial. Damages are claimed for personal injury, and liability depends on a finding of fact. Two juries have found this fact for plaintiff and against defendant. The only legal question raised is whether there was abuse of judicial discretion in refusing defendant's motion to have a third jury find the fact.

A case should, of course, be re-tried as often as necessary to correct harmful errors of law, and it is a question of law whether a verdict is "contrary to the weight of the evidence or shocking to judicial conscience" within the words used in Maloy v. Rosenbaum Co., 260 Pa. 466, 472, relied on by appellant at bar; but that rule is satisfied by a review of the action of the court below. In Columbia Fur Co. v. Needro, 94 Pa. Superior Ct. 592, 595 we said: "While it has been held that a court will not order a new trial against two concurring verdicts upon a question of fact except in an extraordinary case (Clemson v. Davidson, 5 Binney 392) we are of opinion that there are features in the evidence of this case which render it somewhat

exceptional in character;'' we therefore concluded that there was no abuse of discretion below in awarding the third trial.

Appellant at bar states that this is an extraordinary case of exceptional character within the rule. The court below saw the witnesses and in the light of information so obtained is in better position than this court to pass on the manner in which the jury performed its duty in finding the verdict; it is an element in reviewing the exercise of the court's discretion, that would require us to hesitate, other things being equal: Philips' Estate, 295 Pa. 349, 356.

But our reading of the evidence discloses a clear case for the jury, and we read the evidence some what differently from the reading adopted in appellant's brief. The issue was formed by the following averments. The statement alleges that ''...... defendant did cause its motor vehicle to back up on the said sidewalk whereby the plaintiff ......'' was injured. The affidavit of defense denied the averment: ''........ defendant did not, either in person or by its authorized servant, agent or employee, cause said motor vehicle to back up but that the act of moving said truck or motor vehicle was entirely the act of the trespasser and intruder who was not in the employment of the defendant company and not engaged upon its business.''

It was not disputed that the truck belonged to defendant, had been driven by its servant—one Kane—to a place on Bank Avenue, and left standing in the highway while Kane entered an abutting establishment to get ''type forms.'' Kane says he remained in the establishment about half an hour, when he was called out into the street, and found that someone had backed his truck about 15 feet from where he had left it. Defendant called two witnesses, whose testimony is not wholly harmonious, but for present purposes may

be summarized to the effect that, without permission from any one, they got on the truck, and supplied the necessary piece of metal required to be inserted in an appropriate slot to complete the circuit for the purposes of starting the truck, and backed it against plaintiff. Such interference with the truck was expressly prohibited by the motor vehicle code then in force, 1927 P. L. 886. Kane said that when he parked the truck in the street, he withdrew the starting plug or metal and took it with him so that the truck could not be started.

The plaintiff testified that he "felt it pushing me to the wall, the truck," but he did not see who operated the car. On that subject he called his employer, Fine. The witness was looking out of a window of the fifth floor of a building on Bank Avenue, immediately above where the truck stood, watching plaintiff unload from a cart property to be delivered to him, Fine. We understand him to say that he did not see the truck arrive originally when Kane left it backed against the curb and entered the abutting establishment. In appellant's brief this evidence is interpreted as contradicting Fine's account of the backing of the truck against the plaintiff which he said he saw. We give effect to all of Fine's evidence, and he states that he saw the truck back up from where it was originally left; that he saw it backed up against plaintiff by a driver whom he saw "very nearly every day," dressed "like a chauffeur" who came "from the place where he delivered the goods." It was the duty of the jury to determine whether Fine meant that he did not see the truck parked originally, but did see the described chauffeur come out, enter the truck, and back it up on the side walk against plaintiff. In that necessary view of the evidence, we have the ordinary case of conflict of witnesses for consideration by the jury. So regarded, there is in a legal sense, nothing extra-

ordinary or exceptional disclosed. No complaint is made of the charge.

Judgment affirmed.