Sebastiani *v.* Ind. Order of Foresters, Appellant.

Argued October 5, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*John Lamon,* and with him *William Graham,* for appellant.—Suppression of a material fact defeats a recovery of a policy of insurance: Russ v. Metropolitan Life Insurance Company, 98 Pa. Superior Ct. 353; Timlin v. American Patriots, 249 Pa. 467; Shannon v. Knights of Maccabees, 54 Pa. Superior Ct. 634.

*Abraham Friedman,* and with him *Henry A. Craig,* for appellee.

OPINION BY TREXLER, P. J., December 16, 1932:

This was a suit in assumpsit upon a policy of insurance in the Independent Order of Foresters, a mutual insurance and beneficial organization. The plaintiff is the surviving husband of the insured and the beneficiary under the policy. The policy was issued November 1, 1928. It contains the following provision: "Any person who shall obtain membership in the order by false statement or false representation in his application for beneficiary membership or medical examination paper, or in his application for reinstatement, or in his health certificate, or by misstating his true age or by concealing or failing to disclose any mental or physical infirmity in himself or by not disclosing any material fact relating to himself or to any of his kindred enquired about in his medical examination paper, shall ipso facto forfeit all payments he may have made and all benefits whatsoever that he or those deriving rights from him would otherwise be entitled to receive and also shall ipso facto stand suspended from the order; and on conviction by the supreme chief ranger or by the executive council such member shall stand expelled from the order."

In her application October 3, 1928, the insured stated that she was in good health at that time, that she had never consulted a physician for any ailment or disease, except for the grippe for seven days in 1927, giving the name of the attending physician, that she had not consulted or been treated by any physician, except upon the above occasion, in the last five years for any illness or ailment, or had been advised that her physical condition was not as good as it should be, or been advised to take treatment to improve it.

The uncontradicted oral testimony supplemented by the records of the institutions where the insured abided show that she had been in Phipps Institute, and upon two occasions had been in the Hamburg State Sani-

tarium. She was admitted in the latter institution August 3, 1927; and sojourned there until October 15, 1927, and was discharged unimproved. She was again admitted May 30, 1928 and discharged eighty-one days thereafter on August 19, 1928, unimproved, she being in a far advanced state of tuberculosis. She left at her own volition, and against advice. All of these visits were prior to the date of her application.

The concealment on the part of the applicant that she had been treated at the above institutions was a suppression of a material fact, and we all think defeats recovery in the present case. Both the Phipps Institute and the Hamburg establishment are, as shown, exclusively for consumptive patients. In the case of Panopoulous v. Metropolitan Life Insurance Co., 96 Pa. Superior Ct. 415, "applicant denied that she had consulted any physicians or been in any asylum, hospital or sanitarium. The uncontradicted evidence showed the contrary." This court affirmed the entry of a judgment for the defendant by the lower court. This was followed by the case of Russ v. Metropolitan Life Insurance Co., 98 Pa. Superior Ct. 353. In that case the policy was issued on December 27, 1926, and in March 30th of the following year the insured died of tuberculosis. It there appeared that the patient had been in the Philadelphia General Hospital suffering among other things with tuberculosis. We there held that the failure to have stated the real facts in the application was fatal to plaintiff's case. In Robinson v. Metropolitan Life Insurance Co., 99 Pa. Superior Ct. 152, the disclosure of the fact that the insured had been at the hospital was withheld. This court states that the uncontradicted evidence showed the breach of condition upon which liability would depend, and that such proof made it the duty of the court below to hold that the plaintiff could not recover. We think these cases rule the present.

The judgment is reversed and the record remitted with instructions that the lower court enter judgment in favor of the defendant.