Dzsujko, Appellant, *v.* Eureka-Maryland Assurance Corporation.

Argued March 7, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*G. John Bruger*, for appellant.

*John H. Bigelow*, and with him *Carl E. Kirschner*, for appellee.

Opinion by Cunningham, J., April 17, 1933:

The action below was assumpsit by Mary Dzsujko, the beneficiary named in two policies of insurance, aggregating $1,000 and issued January 3, 1930, by the defendant insurance company upon the life of her husband, John Dzsujko, who died May 18, 1930.

The verdict was in favor of the plaintiff for the full amount of her claim; defendant moved for a new trial and for judgment in its favor n. o. v.; the court below, en banc, entered judgment in favor of defendant upon the whole record and plaintiff now appeals from that judgment.

The policies were based upon written applications therefor and defendant denied liability upon the

ground that several answers made by the insured to questions asked him were knowingly and deliberately false.

These questions and answers were involved at the trial:

"Application—Part One."

\* \* \* \* \* \* \* \*

"16. Have you consulted a physician within the last five years? If so, give dates, reason for consultation and name and address of each physician. ('Yes' or 'no.') No."

"Application—Part Two—Declarations to Medical Examiner."

\* \* \* \* \* \* \* \*

"7. The applicant must answer these questions fully and with special care: Have you ever suffered from any ailment or disease of: A. Brain, nervous system? No. B. Heart, lungs? No. C. Stomach, intestines, liver, kidneys, bladder? No. D. Skin, middle ear, eye, nose, throat? No.

"8. A. Have you ever had rheumatism, gout, syphilis? No. B. Have you ever undergone any surgical operation? No. C. Have you ever had an accident or injury? No. D. Have you ever raised or spat blood? No. E. Have you ever consulted a physician for any ailment or disease not included in your above answers? No."

The following excerpts from the opinion of the court below correctly summarize the oral testimony and contain accurate quotations from the applications:

"At trial defendant offered the testimony of insured's family physician, Dr. Truckenmiller, who testified that during the period of six months immediately prior to the date of the policies, the insured had called upon him at his office about six times; that he had thoroughly examined him and observed his symptoms and diagnosed his illness as arteriosclerosis, a harden-

ing of the arteries, and a heart affection known as myocarditis; that he considered the illness serious and progressive and advised the insured to discontinue work. A son of the insured admitted that he had several times taken his father to Dr. Truckenmiller's office, but that he thought it was for a cold or some passing illness. Plaintiff testified that she did not know whether or not her husband had consulted a physician.

"The defendant company's medical examiner was called as a witness for plaintiff and testified that he had made an examination of the insured at the time the applications were made and before the policies were issued; that every question in the applications was specifically asked by him of the insured and the insured's answers were filled in by him, and the applications were signed by the insured by mark in his presence; that in the examination of the insured he found no myocarditis or arteriosclerosis, and that the applicant appeared to be in good general health. There was other testimony of lay witnesses as to the apparent good health of the insured.

"The applications contained the following provisions:

"1. I hereby declare and agree (1) that the foregoing statements and answers with this declaration, and my statements and answers to the medical examiner in Part Two hereof, constitute my application for assurance on my life, and that all of said statements and answers are full, complete and true and are offered by me as the basis for the proposed contract of insurance. ...... I agree, represent and declare, on behalf of myself and of every person who shall have or claim any interest in any insurance made hereunder; that I have carefully read each and all of the above answers, that they are each written as made by me, that each of them is full, complete and true.

and that to the best of my knowledge and belief, I am a proper subject for life insurance. Each and all of my said statements, representations and answers contained in this application are made by me to obtain said insurance, and I understand and agree that they are each material to the risk and that the corporation believing them to be true will rely and act on them.''

The policies contained the usual provision that ''all statements made by the assured shall, in the absence of fraud, be deemed representations and not warranties.''

In an adequate and impartial charge the learned trial judge, McLean, P. J., instructed the jury that if the insured's answers were false, and known by him to be false when given, there could be no recovery on the policies.

The grounds upon which judgment was entered in favor of the defendant company clearly appear from the following excerpts from the opinion written for the court below by the trial judge:

''In the instant case the question of whether or not the insured suffered from myocarditis and arteriosclerosis, as testified to by Dr. Truckenmiller, and the question whether insured knew that he had suffered any ailment or disease, the existence of which he had denied in his application, were clearly for the jury both as to the fact and the insured's knowledge of the fact, but the testimony of Dr. Truckenmiller that insured had consulted him and was treated by him six or seven times in the six months immediately preceding the issuance of the policy, is not disputed and is corroborated by plaintiff's witness, the son of the insured. Under this undisputed testimony that insured consulted a physician six or seven times within six months prior to the issuance of the policy, the falsity of the answer in the application that he had not consulted a physician in five years, and that this answer

was knowingly or deliberately given, was no longer a question of fact for the jury. It remained at the completion of the case an undisputed fact and entitled defendant to binding instructions in its favor. ......

"The evidence of the falsity of the insured's answer that he had not consulted a physician within five years was clear, precise and indubitable and undisputed. That the answer was knowingly and deliberately given appears from the testimony of plaintiff's witness, the examining physician who filled in Part Two of the application, and also from the testimony of plaintiff's witness, Campbell, who filled in Part One of the application. This testimony is undisputed and that the answers were correctly written down, is not questioned; it is therefore conclusive upon plaintiff. The answers to the questions in Part Two of the application were in the first instance warranties and only became representations under the contract of insurance in the absence of fraud. Under such circumstances the answer was clearly and palpably fraudulent and there was no disputed fact, even as to the good faith of the insured in making the answers, for the jury to pass upon and inasmuch as the statement was material and manifestly false, there could be no recovery on the policies: Koppleman v. Com. Cas. Ins. Co., 302 Pa. 106-117.''

Among the cases cited by the court below were Livingood v. New York Life Ins. Co., 287 Pa. 128, 131; 134 A. 474, and Kuhns v. Same, 297 Pa. 418; 147 A. 76.

We are in accord with the construction placed upon the evidence in the foregoing excerpts; the uncontradicted and unimpeached testimony, if believed, clearly defeated plaintiff's claim. If the court below had power to enter the judgment appealed from, its action should be unhesitatingly affirmed.

But the difficulty is that, under our system of ad-

ministering justice, a trial judge, when dealing with oral testimony, may not assume its truth, no matter how clear and undisputed it may be.

It is apparent from its opinion that the court below relied upon the expression used in Kuhns v. New York Life Ins. Co., supra, to the effect that unless the deliberate falsity of the answers appears by "undisputed proof, documentary or oral," the issue is for the jury and is not to be declared as a matter of law by the court, and upon similar statements to be found in other decisions.

Granting that the rule applicable to uncontradicted oral testimony has not always been strictly applied, (Murphy v. Ins. Co., 205 Pa. 444, 453; 55 A. 19.) there is no longer any doubt about the matter in this state.

In the recent case of Nanty-Glo Boro. v. American Surety Co., 309 Pa. 236, 163 A. 523, a case in which the court below directed a verdict for the plaintiff upon the ground that the defendant's liability was absolutely established by the uncontradicted oral testimony, it was held by a majority of our Supreme Court that the granting of plaintiff's motion for binding instructions was reversible error.

We have referred at length to this opinion in our case of Kathleen Brelish, Admrx. v. Prudential Insurance Company of America, 109 Pa. Superior Ct. 1, and need only repeat here that our Supreme Court has reaffirmed the rule thus expressed by Mr. Justice SHARSWOOD: "However clear and indisputable may be the proof when it depends on oral testimony, it is nevertheless the province of the jury to decide, under instructions from the court, as to the law applicable to the facts, and subject to the salutary power of the court to award a new trial if they should deem the verdict contrary to the weight of the evidence."

Here, as there, the evidence was entirely oral, and

it is now our duty to sustain appellant's second assignment, charging error in entering judgment for the defendant n. o. v.  In this connection it may be noted that in our case of Robinson v. Metrop. L. Ins. Co., 99 Pa. Superior Ct. 152, cited in behalf of defendant, the evidence was not wholly oral but consisted, in part, of hospital records.

This is also true of the case of Sebastiani v. Ind. Order Foresters, 106 Pa. Superior Ct. 525, and the other cases in this court to which reference is made in appellee's brief.

So far as the record discloses, the rule for a new trial has not been disposed of.  No support can be found in the evidence for a verdict in favor of this plaintiff; it was clearly the result of a capricious refusal to believe the credible and undisputed testimony. In our opinion, this is a case fully justifying the exercise of the "salutary power of the court to award a new trial" in the hope that a jury, having sufficient stamina to leave their prejudices on the outside of the jury box and enough courage to apply the law to the evidence, may be found.

The judgment in favor of the defendant is reversed and the record remitted for further proceedings not inconsistent with this opinion.