## Sandonawicz, Appellant, v. Metropolitan Life Insurance Company.

Argued December 13, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ..

*Vincent J. Dalton,* with him *James A. Dolphin,* for appellant.

*J. F. Mahoney,* with him *Otto E. Farquhar,* for appellee.

PER CURIAM, January 27, 1938:

This action on a policy of life insurance has been tried four times, resulting each time in a verdict for the plaintiff, which the court in banc—with the full approval of the trial judge—set aside as contrary to the weight of the evidence and shocking to the judicial conscience.

We are now asked to reverse the lower court and enter judgment on the verdict on the theory that three orders granting a new trial on the ground above mentioned is the limit to which a trial court may go.

In view of the clear pronouncement of the Supreme Court on the subject and the prior decisions of this court we cannot so hold.

In *Maloy v. Rosenbaum Co.,* 260 Pa. 466, 472, 103 A. 882, an action in trespass for negligence, the Supreme Court said, speaking through Mr. Justice MOSCH-ZISKER: "While the ascertainment of the underlying facts, and the drawing of the inferences and final conclusions therefrom, are for the jury, even where strong conflicting oral evidence is produced by a defendant, yet, in every such instance, a grave responsibility rests upon the trial judge to see to it that no verdict contrary to the weight of the evidence or shocking to judicial conscience is allowed to stand, *no matter how many new trials must be granted in order to effect the ends of justice;* and this will always be so, until the fundamental law, which ordains that trial by jury shall be as heretofore, is changed to give greater power,

in the realm of fact, to the judiciary." [Italics supplied] That rule was followed by this court in *Columbia Furniture Co. v. Needro,* 94 Pa. Superior Ct. 592, 595; and was recognized as the law in *Itzkovich v. Royal Electrotype Co.,* 100 Pa. Superior Ct. 310 (LINN, J.). And in *Dzsujko v. Eureka-Maryland Assurance Corp.,* 109 Pa. Superior Ct. 9, 16, 165 A. 518—a life insurance case in which we felt compelled to reverse the action of the court below in entering judgment for the defendant non obstante veredicto, because the facts required its submission to the jury—we said, speaking through our Brother CUNNINGHAM: "So far as the record discloses, the rule for a new trial has not been disposed of. No support can be found in the evidence for a verdict in favor of this plaintiff; it was clearly the result of a capricious refusal to believe the credible and undisputed testimony. In our opinion, this is a case fully justifying the exercise of the 'salutary power of the court to award a new trial' in the hope that a jury, having sufficient stamina to leave their prejudice on the outside of the jury box and enough courage to apply the law to the evidence, may be found."

A review of the evidence in this record does not satisfy us that the learned trial judge who wrote the opinion for the court in banc was not warranted in saying that "a consideration of all the evidence leaves no doubt that the insured made misrepresentations concerning matters material to the risk. The defense is established by the overwhelming weight of the evidence, and the testimony to controvert it is manifestly unreliable and incredible. A new trial must again be granted because the verdict, in our judgment, is against the weight of the evidence and shocking to judicial conscience."

The order is affirmed.