Kibler, Appellant, *v.* Prudential Insurance Company of America.

Argued December 13, 1939.

Before KELLER, P. J. CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*John F. Stine, Jr.,* for appellant.

*Fred B. Gernerd,* for appellee.

OPINION BY KELLER, P. J., January 30, 1940:

This was an action in assumpsit on a life insurance policy. The court below directed a verdict for the plaintiff, but subsequently granted a new trial, because, on a review of the pleadings and the testimony, it came to the conclusion that it had erred in its rulings on evidence and in its instruction to the jury to render a verdict for the plaintiff for the face of the policy with interest. Plaintiff appealed.

The principles governing appeals from orders granting a new trial are fully discussed and reviewed in *Class & Nachod Brewing Co. v. Giacobello,* 277 Pa. 530, 121 A. 333, and subsequent Supreme Court cases which follow it.

Appellant claims that this appeal comes within the class referred to on pp. 534, 535 of that case, to wit, that an order granting a new trial will be reversed when the order is based on a plain and palpable error of law applicable to the facts of the case. Our review of the case, however, leads us to agree with the learned court below, that errors were committed by the court on the trial as respects its rulings on evidence and instructions to the jury, and that the new trial was properly granted to correct those errors.

There can be no reasonable doubt that an application for insurance and the medical examination forming a

part of it, a copy of which is contained in and expressly made a part of the policy contract in suit, (in compliance with section 318 of the Insurance Company Law of 1921, P. L. 682), in an action on the policy, may be shown by the insurance company to contain false and fraudulent material representations by the insured, where it defends on the ground that the insured knowingly made false representations in said application or medical examination as to the condition of his health his freedom from certain serious diseases, the attendance on him by physicians, etc., which were material to the risk, and in reliance upon which answers the policy had been issued. And this is not affected by the fact that the policy is dated as of the day the application was signed (October 29), five days before the medical examination was held (November 3), and eighteen days before the delivery of the policy (November 16). Being included in and expressly made a part of the policy sued on, plaintiff cannot escape from the legal consequences of false and fraudulent representations, if there were any, made by the insured to the company's medical examiner on material matters affecting the condition of his health and the validity of the policy, —which, usually, would be a question of fact for the jury, and on which we express no opinion—because the policy was *dated* prior to such examination. Nor was the defendant precluded from raising that defense, because the affidavit of defense formally admitted the third averment of plaintiff's statements, viz., "On the twenty-ninth day of October, 1937 [the date of the policy] the Defendant issued its written contract of insurance, No. 10-023-434, to Ivan J. Kibler, therein named as the Insured ...... a true copy of which, together with the application therefor, is hereunto attached and made a part hereof, and marked 'Exhibit A' "—since said exhibit included, as part of the application referred to therein, the medical examination,

with the questions to and answers of the applicant, specifically relied on as a defense in the affidavit of defense.

Policies are frequently dated as of the date of the application, rather than the date of delivery, sometimes to secure the insured a lower premium, as when the applicant's nearest birthday changes during the period of examination and consideration of the application, or for other proper reasons. If the policy is not avoided by fraudulent misrepresentations of the insured, it takes effect after delivery, *as of its date;* but during the contestable period it may nevertheless be avoided if the company can show that it was issued in reliance on false and fraudulent representations by the insured as to material matters affecting the condition of his health, his freedom from certain serious diseases, the attendance of physicians upon him, his treatment in a hospital, etc.

If necessary in the interests of justice the court can allow, at any stage of the case, an amendment to the affidavit of defense, setting forth that the policy was dated October 29, 1937 but was not delivered until after November 3, 1937, for on the face of the policy the fact is plainly apparent.

We are satisfied that in granting a new trial the court below was not guilty of an abuse of discretion nor did it commit an error of law requiring a reversal of the order.

The appeal is dismissed.