Hess, Appellant, *v.* Stiner et al.

Argued March 6, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, RHODES and HIRT, JJ.

*Hervey B. Smith,* for appellant.

*C. W. Dickson,* for appellee, Stiner, was not heard.

*R. S. Hemingway,* for appellee, Rider, was not heard.

OPINION BY KELLER, P. J., April 16, 1941:

It is well settled in this Commonwealth that, as respects civil[1] cases, the trial court has the power to grant a new trial where in its opinion the verdict is against the evidence or the weight of the evidence, or where the interests of justice require it: *Dinan v. Supreme Council,* 213 Pa. 489, 492, 62 A. 1067; *Evans v. Penn Mutual Life Ins. Co.,* 322 Pa. 547, 559, 186 A. 133. Such action on the part of the trial court, where the case depends on oral evidence, will be reversed only for a clear abuse of discretion. See *Dougherty v. Andrews,* 202 Pa. 633, 52 A. 47; *Cleveland, etc. Co. v. Myers-Jolesch Co.,* 266 Pa. 309, 311, 109 A. 662; *Hess v. Gusdorff,* 274 Pa. 123, 117 A. 671; *Ferry v. Payne,* 274 Pa. 466, 118 A. 436; *Class & Nachod Brewing Co. v. Giacobello,* 277 Pa. 530, 538, 121 A. 333.

Nor is there any limit on the number of times that a new trial may be ordered. In *Sandonawicz v. Metropolitan Life Ins. Co.,* 129 Pa. Superior Ct. 431, 196 A. 543, the court below, following the *fourth* trial, granted a new trial and we affirmed. See *Maloy v. Rosenbaum Co.,* 260 Pa. 466, 472, 103 A. 882, where Mr. Justice (afterwards Chief Justice) MOSCHZISKER, speaking for the court, said: "While the ascertainment of the underlying facts, and the drawing of the inferences and final conclusions therefrom, are for the jury, even where strong conflicting oral evidence is produced by a defendant, yet, in every such instance, a grave responsibility rests upon the trial judge to see to it that no verdict contrary to the weight of the evidence or shocking to judicial conscience is allowed to stand, *no matter how*

---

[1] The rule likewise applies to new trials granted *defendants* in criminal cases.

*many new trials must be granted in order to effect the ends of justice;* and this will always be so, until the fundamental law, which ordains that trial by jury shall be as heretofore, is changed to give greater power, in the realm of fact, to the judiciary." (Italics added). See also *Dzsujko v. Eureka-Maryland Assurance Corp.,* 109 Pa. Superior Ct. 9, 16, 165 A. 518; *Itzkovich v. Royal Electrotype Co.,* 100 Pa. Superior Ct. 310, 311; *Marko v. Mendelowski,* 313 Pa. 46, 169 A. 99; *Hitchay v. Phillips,* 316 Pa. 290, 175 A. 389.

The present action was in trespass by the plaintiff, Hess, against the defendants, Stiner and Rider, growing out of a collision between plaintiff's automobile and the defendant Stiner's truck, when the plaintiff attempted to pass Stiner's truck at or about the time he, Stiner, moved out in order to pass the defendant Rider's truck, which was immediately in front of him, but was drawing over to the right to stop.

The jury returned a verdict in favor of the plaintiff and against Stiner for $435, and in favor of Rider. The court granted a new trial as respects the issue between Hess and Stiner, on the grounds (1) that the weight of the evidence was against the verdict and (2) that it was satisfied that justice had not been done. It also stated that it felt that the charge of the court was inadequate as to the bearing of the physical facts upon the oral testimony.

We have examined the record with care and find no abuse of discretion in the order granting a new trial.

The appellant improperly injected into the argument on appeal a statement that on a prosecution for reckless driving brought against Hess and appealed to the court of quarter sessions following a summary conviction before a justice of the peace, Judge HERRING of that court had found him not guilty of reckless driving; and the judge's opinion, which stated that he was "not convinced that the defendant [was] guilty of reckless driving," was printed at length in the appellant's

argument. It has no place there or in the record, and if complaint had been made of it, we would have ordered it stricken from the brief.

The judgment in the summary conviction proceeding was not relevant in this action. The issues were not the same. The issue in that case was whether Hess was guilty of *reckless* driving, and he could not be convicted unless the judge, from all the evidence, was convinced of his guilt beyond a reasonable doubt. In the present case, the verdict was to be governed by the preponderance of the evidence, and Hess could not recover if he was guilty of the *slightest negligence,* contributing to the accident, even though Stiner was also negligent. The distinction between recklessness and mere negligence was pointed out by us in *Com. v. Gill,* 120 Pa. Superior Ct. 22, 182 A. 103. Contributory negligence is not a defense on the trial of a criminal prosecution. It is fatal to a plaintiff's recovery in a civil action of trespass: *Com. v. Stine,* 127 Pa. Superior Ct. 169, 171, 193 A. 344. On the trial of the civil issue the plaintiff could not recover if the jury found, or the evidence was such as to require a finding, (1) that he was negligent, or (2) that the defendant was not negligent, or (3) that both plaintiff and defendant were negligent. Such questions would not arise on the criminal prosecution.

Consequently the outcome of the prosecution for reckless driving was wholly irrelevant in this action and should not have been referred to by counsel for appellant.

Appeal dismissed.