Columbia Fur Company, Appellant, *v.* Needro.

Argued October 17, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Harry J. Gerber,* for appellant.

*George T. Steeley,* and with him *William A. Carr, Sidney L. Krauss* and *Willis B. Heidinger,* for appellee.

Opinion by Gawthrop, J., December 12, 1929:

This is an appeal by the plaintiff from a judgment non obstante veredicto which was entered in favor of the defendant under the direction of the court below. The issue arose upon a petition by the defendant asking that judgment, which had been entered against him on a certain judgment note purporting to have been executed by him, be opened on the ground that the name of the defendant as the maker thereof was a forgery. The case has been tried three times, three juries concurring in their verdicts for the plaintiff. New trials were granted after the first two trials on the ground that the verdict was against the weight of

the evidence on the sole question of fact raised at each trial, namely, whether the name of the defendant on the note was a forgery. The plaintiff took an appeal to this court from the order granting a new trial after the second jury had rendered a verdict in his favor. We held (94 Pa. Superior Ct. 592) that as there were features in the evidence which rendered the case somewhat exceptional in character, it was not an abuse of discretion to grant the new trial, although two juries had found for the plaintiff. At the third trial no new issue was raised, and the court instructed the jury that the sole question for their determination was "the validity of the note which is offered in evidence. The question is whether it was a forgery or not; whether this signature, attached to the note, is that of Needro, or whether he did not sign it or authorize it to be signed. That is the question you determine." The plaintiff got a third verdict and the defendant filed motions for a new trial and for judgment n. o. v. The rule for a new trial was discharged, but the motion for judgment n. o. v. was sustained on the ground that there was testimony by the plaintiff himself that at the time he caused judgment to be entered on the note he filled up the blank spaces in the portion of the note containing the confession of judgment, including the blank for noting the amount of an attorney's commission for collection, and that the insertion of a ten per cent. collection fee at that time without the authority of the defendant invalidated the note. The court said in his opinion: "Under these circumstances a court will permit an amended pleading setting forth the defense which is an absolute answer to the claim of the plaintiff."

After full consideration all the members of this court have reached the conclusion that it was error to deprive the plaintiff of the fruits of its verdict on that ground. The case had been tried three times upon

the one issue of forgery. As already stated, at the last trial the court specifically limited the issue to that point. The defendant acquiesced in this action by the court, and the record shows that no exception was taken by him to the charge. The amendment of the pleadings, which the court seems to have treated as made, although it never was made, changed the issue and raised a new issue, which the defendant never raised for determination in any of the trials. The case should have been disposed of on the issue framed and tried. As an additional reason for this conclusion, we may add that our examination of the record does not satisfy us that it can be held as a matter of law that the insertion of the collection fee in the note was made by the plaintiff after its execution by the defendant. While the inference that he inserted it when he went to enter it may be drawn from one part of his testimony, another part thereof is to the contrary; and one of his witnesses testified that the note was completely filled in at the time the defendant executed it, except that his address was added later. Under all the circumstances we are of opinion that the verdict of the last jury should stand.

The judgment for defendant is reversed and the record is remitted, with direction that judgment be entered for the plaintiff on the verdict.